Catron Ch. J.
delivered the opinion of the court.
Three lessors of plaintiff made a joint demise in ejectment to the nominal lessee, for the whole land. One of the lessors had title to one hundred acres in the north-west corner of the tract, which was not severed, yet could not reach the disputed part, and of the residue of the tract sued for, the other two lessors were tenants in common. The jury found the better title in the plaintiff, and submitted these special facts to the court for its judgment, which was rendered that the plaintiff recover; from which there was an appeal in error.
The counsel for Roberts assume, that three having made a lease to John Den, the fictitious plaintiff, and only two having title, a general verdict cannot be given. The lessee had vested in him the whole title, and that one joined in the lease, having no interest in the premises, Could not affect the substance of the recovery. The title could be tried, as contemplated by the act of 1801, chap. 6, sec. 60. No difference in principle can be perceived between this case, and that of Barrow and Nave, (2 Yer. *451 227.) These three lessors demised in one court, as here, one of the three had title to a third of the premises, which the fictitious lessee recovered; so much having been vested in him.. Suppose a lessee in fact, had different leases from different persons, and were to sue in ejectment; he could give in evidence all his title papers, and recover upon such as vested an interest in the disputed land. Had the three Pharis’s made an actual lease of the disputed land, two only having the estate in it, none can douht the lessee could have recovered it. To this end, no distinction between the fictitious and an actual lessee can be admitted by our statute. The judgment will be affirmed.
Judgment affirmed.